HAMITER, Justice
(concurring in part and dissenting in part).
While I entertain the view that the statute creating the Louisiana State Racing Commission and providing for its operation, R.S. 4:141 et seq. contravenes certain provisions of the Louisiana Constitution, and I adhere to my reasons assigned in support of such view in Gandolfo v. Louisiana State Racing Commission, 227 La. 45, 78 So.2d 504, there is no question of thé statute’s constitutionality involved in this controversy and I deem it my duty to' participate in.a determination of the issues presented.
In my opinion the Commission was bound by its rules in effect’ on August 15, 1956 (the deadline for filing applications) and, with respect to the then approaching season, it could not. thereafter legally change them. The permitting of any such change might .well prov.e prejudicial to and discriminatory against the rights of those applying or wishing to apply for permits in accordance with the established regulations (in such case they would not affect all equally). Accordingly, since the rules in effect on August 15, 1956 prohibited flat thoroughbred night racing the Commission was without authority to grant a permit for that kind of operation to either Magnolia Park, Inc. or Kenner Racing Association.
The application of Magnolia Park, Inc. for flat thoroughbred day racing was not timely filed. This being true the action of the Commission in refusing to consider it was proper.
According to the statute under consideration an application for a license to operate a race meeting must state (among other things) the kind of racing to be conducted, Section 147(4) (f); it must be submitted on or before August 15 of each year, Section 152; and, when timely submitted, it must be considered and acted upon by the commission on or before September 1 of each year, Section 152. Notwithstanding that the alternative'day racing application tendered by Magnolia Park, Inc. was termed amendatory of the one initially filed for a night racing license actually .the two application's were for entirely different kinds *735 of racing and, hence, must be treated as having been separate and independent of each other. And since the submission of the day racing application did not occur until August 28, 1956 (13 days after the deadline) a consideration of it was and is prohibited by law.
If this were not true a similar filing on August 31 would have been timely and valid, even though it would have effectively defeated the obvious purpose of the delay between August 15 and September 1 provided for in the statute which, undoubtedly, is to afford the commission the opportunity of investigating and holding hearings on the contents of the applications submitted.